JACKSON LEWIS P.C.
ERIKA M. BARBARA (SBN 215702)
400 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  (916) 341-0404
Facsimile:  (916) 341-0141
E-mail:  *erika.barbara@jacksonlewis.com*

Attorneys for Defendant
GENESIS BEHAVIOR CENTER INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| BRENDA CASTRO, CHRISTY EROL, | Case No. |
|---|---|
| Plaintiffs, | **DECLARATION OF ERIKA M. BARBARA IN SUPPORT OF DEFENDANT GENESIS BEHAVIOR CENTER INC.'S REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| vs. | |
| GENESIS BEHAVIOR CENTER, INC. A California Corporation; and DOES 1-50, inclusive, | |
| Defendants. | |

I, Erika M. Barbara, declare:

1.     I am an attorney at the law firm of Jackson Lewis P.C., and one of the attorneys responsible for representing Defendant Genesis Behavior Center Inc. in the above-captioned action. The following is based on my personal knowledge and knowledge I have acquired from my review of, and familiarity with, the files and documents in the above-captioned action.  If called upon to testify as a witness in this action, I could and would competently testify thereto.

2.     On December 20, 2021, Plaintiffs Brenda Castro and Christy Erol ("Plaintiffs") filed a Complaint for Damages ("Complaint") against Genesis Behavior Center Inc. ("Defendant") in the Superior Court of the State of California, in and for the County of Sacramento.  The state court designated the action as Case No. 34-2021-00312959.  A true and correct copy of the Complaint is attached as **Exhibit A**.

3.     On January 7, 2022, counsel for Plaintiffs forwarded the Complaint, Summons, Civil Case Cover Sheet, and Order Re: Delay in Scheduling Initial Case Management Conference to counsel for Defendant with a Notice and Acknowledgment of Receipt—Civil.  True and correct copies of the Summons, Civil Case Cover Sheet, and Order Re: Delay in Scheduling Initial Case Management Conference are attached as **Exhibits B, C** and **D**, respectively.

4.     On the same date, counsel for Plaintiffs served Plaintiffs' Notice of Plaintiffs' Consent to Receive Pleadings Via Email Pursuant to CCP §1010.6(e)(1) on counsel for Defendant.  A true and correct copy of Plaintiffs' Notice is attached as **Exhibit E.**

5.     On January 27, 2022, counsel for Defendant signed the Notice and Acknowledgment of Receipt—Civil, acknowledging service of the documents as of that date and forwarded it to counsel for Plaintiffs on the same date.

6.     On February 25, 2022, Defendant filed its Answer to Plaintiffs' Complaint for Damages.  The Answer included a general denial and asserted various affirmative defenses.  A true and correct copy of the Answer is attached as **Exhibit F**.

7.     **Exhibits A through F** constitute all the process, pleadings, orders, and other documents served on Defendant and/or currently on file in the action.

8.     On information and belief, no other parties have been served with the Complaint in this action and no other party has appeared in the action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of February, 2022 at Sacramento, California.

_____
Erika M. Barbara

# EXHIBIT A

FILED
Superior Court Of California,
Sacramento
12/20/2021
kjohnson12
By_____ , Deputy
Case Number:
34-2021-00312959

MARK P. VELEZ, ESQ. (SBN 163484)
NATALYA V. GRUNWALD, ESQ. (268054)
**THE VELEZ LAW FIRM, PC**
3010 Lava Ridge Court, Suite 120
Roseville, California 95661
Telephone: (916) 774-2720
Facsimile: (916) 774-2730
Velezlaw@live.com

Attorneys for Plaintiffs BRENDA CASTRO, CHRISTY EROL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| BRENDA CASTRO, CHRISTY EROL, <br><br> Plaintiffs, <br><br> vs. <br><br> GENESIS BEHAVIOR CENTER, INC. A California Corporation; and Does 1-50, inclusive, <br><br> Defendants. | Case No.: <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES** <br><br> **1. Breach of Labor Code §1102.5 et seq.** <br><br> **2. Labor Code §1102.5 and FEHA Retaliation;** <br><br> **3. Breach of Cal. Govt. Code §12900 et seq Physical Disability Discrimination;** <br><br> **4. Breach of Families First Coronavirus Response Act;** <br><br> **5. Breach of Cal. Govt. Code §12940 et seq.: Failure to Prevent Retaliation, Discrimination;** |

**[UNLIMITED CIVIL CASE]**

**JURY DEMANDED**

RECEIVED
DEC 2 0 2021
CIVIL

**THE VELEZ LAW FIRM,PC**
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES

1

1  Plaintiff  BRENDA CASTRO, CHRISTY EROL   state their complaint against Defendants

2  GENESIS BEHAVIOR CENTER, INC., and Does 1 through 50, as follows:

3  PARTIES

4  1.  Plaintiff BRENDA CASTRO is a resident of Sacramento, in the State of California and a former

5  employee of Defendants GENESIS BEHAVIOR CENTER, INC.

6  2.  Defendants GENESIS BEHAVIOR CENTER, INC., (hereinafter "Defendant GBC"), was at all

7  times herein relevant to this action, a California corporation, operating a behavioral applied

8  behavior center for disabled children/adults with autism and other disabilities in the Sacramento

9  County and in other California locations.

10  3.  Plaintiff CHRISTY EROL  is a resident of Sacramento, in the State of California and a former

11  employee of Defendants GENESIS BEHAVIOR CENTER, INC.

12  4.  At all times herein relevant, Defendants maintained Plaintiff's employment file in their

13  Sacramento Main Office, thereby, under the FEHA  making venue proper herein.

14  5.  Defendants GENESIS BEHAVIOR CENTER, INC was, at all times herein relevant, Plaintiffs'

15  "employer" as that term is defined in the California Fair Employment and Housing Act ("FEHA"),

16  California Government Code Section 12900 et. seq. Defendants had actual and constructive notice

17  of the wrongful conduct, harassment, and retaliation perpetrated upon Plaintiff, set forth below,

18  had both the authority and the duty to prevent and correct the same, failed to take reasonable

19  action to prevent and correct the same and, by their conduct, condoned, supported and ratified

20  such wrongful conduct.

21  6.  The true names and capacities, whether individual, corporate, associate or otherwise of defendants

22  named herein as DOES 1 through 50, are unknown to Plaintiff, who therefore sues said

23  defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true

24  names, involvement and capacities when the same have been ascertained. DOES 1 though 50 are

25  residents in the State of California and/or have their principal place of business in the State of

26  California. Plaintiff is informed and believes, and on that basis, alleges that each of the defendants

27  named herein as DOE, was in some manner responsible for the injuries and losses suffered by

28  Plaintiffs.

**THE VELEZ**
**LAW FIRM, PC**
Attorneys at Law
3010 Lava Ridge Ct #120
Roseville, CA 95661

1   7.   At all times herein mentioned, each of the defendants were the actual and apparent agents,

2        servants and employees of each of the remaining defendants, and in doing the things herein after

3        alleged, was acting within the course and scope of their actual and apparent agency and

4        employment and with the knowledge, notification, consent and subsequent ratification of each of

5        the other defendants.

6                                    GENERAL ALLEGATIONS

7   8.   At all times herein relevant, defendants, and each of them, owed Plaintiffs a duty to take all

8        reasonable action to provide Plaintiff with a workplace free from unlawful discrimination,

9        harassment and retaliation, and to take all reasonable action to prevent and correct discrimination,

10       harassment and retaliation in the workplace. Specifically, defendants owed Plaintiffs a duty: (1)

11       to promulgate, in an effective way, policies, practices and guidelines regarding employment

12       discrimination, harassment and retaliation; (2) to provide effective and adequate training to

13       managers, supervisors and employees regarding employment discrimination, harassment and

14       retaliation, how to take effective, timely and reasonable action to prevent employment

15       discrimination, harassment and retaliation and, particularly, how to handle, in a reasonable,

16       prompt and effective manner, complaints and noticed situations raising issues of employment

17       discrimination, harassment and retaliation; (3) to provide realistic assurance to employees that

18       defendants were serious about enforcing such policies against discrimination and harassment and

19       retaliation; (4) to protect from retaliation employees who  made or supported discrimination,

20       harassment or retaliation complaints; (5) to conduct, in response to a complaint or actual or

21       constructive notice of discrimination, harassment and retaliation in the workplace, a good faith,

22       reasonable, fair and prompt investigation of such complaint or in response to such notice; (6) to

23       bring such investigation to a conclusion in a timely manner; (7) to take prompt and effective

24       remedial action, where appropriate, to prevent and correct discrimination, harassment and

25       retaliation; (8) to maintain reasonably thorough and adequate records regarding discrimination,

26       harassment and retaliation complaints, investigations, conclusions and remedial action; and (9)

27       to avoid engaging in and promoting actions which have the intended purpose and foreseeable

28       effect of silencing and quashing the voices of discrimination, harassment or retaliation

**THE VELEZ**
**LAW FIRM,PC**
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

1    complainants and others who support or have supported discrimination, harassment or retaliation

2    complaints.

3    9. Defendants and each of them, breached the above-mentioned duties in that, at all times herein

4    relevant, defendants acted in a manner which they knew, should have known, and did not care to

5    know, condoned and supported discrimination, harassment and retaliation in the workplace.

6    Defendants failed and refused to take reasonable action to publish and promulgate, in an effective

7    manner, policies, practices and guidelines regarding discrimination, harassment and retaliation.

8    Defendants failed and refused to take reasonable action to provide adequate and effective training

9    to managers, supervisors and employees regarding discrimination, harassment and retaliation,

10   failed to effectively train managers, supervisors and employees regarding how to prevent

11   employment discrimination, harassment and retaliation, and failed to adequately train managers,

12   supervisors and employees in how to reasonably, promptly and effectively handle complaints and

13   notice situations raising issues of employment, discrimination, harassment and retaliation.

14   Defendants responded to actual and constructive notice of and complaints regarding

15   discrimination harassment and retaliation in a manner calculated to defendant and delay, rather

16   than fairly and timely investigate situations noticed and complaints regarding discrimination,

17   harassment and retaliation, with the intended purpose and foreseeable effect of supporting

18   management at all costs, condoning and supporting discrimination, harassment and retaliation.

19   Defendants engaged in the above acts and omissions knowingly and as a matter of general

20   business practice, without regard to the rights of employees, including Plaintiffs.

21   10. Defendants responded to actual and constructive notice of and complaints regarding

22   discrimination, harassment and retaliation in a manner calculated to defend and delay, rather than

23   fairly and timely investigate, situations noticed and complaints regarding discrimination,

24   harassment and retaliation, with the intended purpose and foreseeable effect of supporting

25   management at all costs, and condoning and supporting discrimination, harassment and

26   retaliation. Defendants engaged in the above acts and omissions knowingly and as a matter of

27   general business practice, without regard to the rights of employees, including Plaintiffs.

28

**THE VELEZ
LAW FIRM,PC**
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

# **FACTUAL ALLEGATIONS**

## **A. PLAINTIFF BRENDA CASTRO**

11. Plaintiff BRENDA CASTRO C worked for Genesis Behavior Center ("GBC") as a Behavior Consultant from June 15, 2020 to July 16, 2021. Plaintiff Castro was qualified as a behavioral consultant. She obtained her Masters degree in Applied Behavior Analysis and worked toward becoming Board Certified Board Analyst (BCBA). Plaintiff reported to GBC manager, Linda Mikha. Shortly after commencing her employment she observed numerous violations of law at GBC.

12. In August 2020, Plaintiff Castro filed a complaint with OSHA regarding a number of issues in the workplace, including but not limited to the lack of uninterrupted lunches for staff, and having to work without air conditioning. Plaintiff Castro was primarily concerned about the autistic clients, who are prone to experiencing seizures caused by high temperatures. Following the making of the complaint, through October of 2020, Ms. Castro continuously reported to management the fact that clients were overheating due to broken air conditioning. The last time Ms. Castro communicated with Ms. Mikha about the issue was October 22, 2020. Ms. Castro received no response from management.

13. Thereafter, on about October 26, 2020, Plaintiff Castro learned that a family member of one of Castro's clients had informed Ms. Mikha about the existence of an OSHA complaint concerning GBC's having no air conditioning that was made by one of the employees. Mikha logically concluded that Plaintiff Castro was the whistle-blower. Next, on November 16, 2020 Mikha provided Plaintiff Castro with an "Employee Write Up Form."

14. On November 18, 2020, Plaintiff Castro submitted a retaliation Complaint with the Labor Commissioner.

15. Previously, on August 18, 2020, Plaintiff Castro became aware of a staff member testing positive for COVID19. Management did not inform employees or parents of the clients regarding a staff member having coronavirus. On December 3, 2020, Ms. Castro lodged a complaint with a government agency regarding GBC failing to notify employees and clients

1    about possible exposure to an individual with a positive COVID-19 and failing to close the
2    facility due to the exposure. Plaintiff is aware of other GBC employees who felt that their
3    employer was not transparent about COVID exposure and placed both employees and clients
4    at risk.

5    16.    On December 23, 2020, GBC failed to timely disclose yet another potential exposure to a
6           COVID-positive individual.  On or about June 14, 2021, GBC was notified about a family
7           member of a client testing positive for COVID. GBC did not notify staff or parents until
8           Behavior Consultants complained to management about possible exposure. On June 15, 2021,
9           Plaintiff Castro sent an email to management regarding her exposure and her intent to
10          self-quarantine.    Plaintiff Castro also notified her employer regarding the use of the
11          Supplemental Paid Sick Leave.

12   17.    On June 24, 2021,  Castro was summoned to a meeting with Ms. Mikha.  Mikha informed
13          Castro regarding a possible opening of new centers and Ms. Castro's opportunity to become
14          a "Regional" upon receiving her BCBA credentials. Ms. Mikha stressed that having the
15          "negative conversations with upper management," would jeopardize any possibility of
16          promotion. In response to Ms. Castro's request for clarification, a Retaliation complaint filed
17          with the Labor Commissioner, was given as an example. Mikha also threatened Plaintiff
18          Castro  the legal department could press charges for "perjury" based on the alleged false
19          information Ms. Castro provided in her complaint. Furthermore, Mikha also threatened
20          Plaintiff with termination as an "at will" employee.

21   18.    On June 25, 2021, Plaintiff Castro filed a Whistleblower Complaint regarding the June 24,
22          2021 incident. On the early morning of July 2, 2021, Castro reported being severely bitten by
23          a client to Ms. Mikha. In response Ms. Mikha told Ms. Castro that it was "not a big deal. You
24          guys get bitten almost every day on the job." Ms. Castro was taken aback by the response. No
25          information as to Workers' Compensation was provided by the employer. It was not until
26          Castro calling Ms. Mikha for the second time late in the afternoon, when Ms. Mikha finally
27          gave  Castro the necessary Workers' Compensation information.

28   19.    On July 12, 2021, after reporting possible exposure to COVID, one of the staff was told to

**THE VELEZ**
**LAW FIRM,PC**
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

1   come into work despite the disclosure. This was made known to Behavior Consultants,

2   including Castro. Management did not close the center until said staff member actually

3   received a positive COVID test. Only then the Center closed from July 14th through the 16th.

4   20.   On July 16, 2021, Defendant GBC terminated Plaintiff Castro. The termination came less than

5   a month after Mikha told Castro she was in line for a promotion due to the opening of new

6   centers.

7   B.   **PLAINTIFF CHRISTY EROL**

8   21.   Plaintiff CHRISTY Erol worked as a behavioral counselor for Genesis Behavior Center

9   (hereinafter as "GBC")from March 1, 2021 to July 12, 2021. On or about May 27, 2021,

10   Plaintiff Erol received a covid vaccine injection, and reported to work. Plaintiff Erol had an

11   adverse reaction to the vaccine and inquired about using the supplemental paid sick leave.

12   GBC informed Plaintiff Erol that she would not be compensated for the time she was not

13   performing her duties.

14   22.   The following day, Plaintiff Erol's symptoms were getting worse, and she reached out to Ms.

15   Mikha, informing her that due to the worsening of the symptoms following the COVID shot,

16   she would not be reporting to work on May 28, 2021. Ms. Mikha responded that she

17   contacted payroll and payroll would contact Ms. Erol regrading payment during the time off.

18   23.   On June 2, 2021, Plaintiff Erol received communication from payroll stating that GBC did

19   not adopt the American Recovery Plan or anything "covid related." Erol then contacted Ms.

20   Romina Kiryakous, the Chief Executive Officer of GBC, informing her of the situation and

21   the refusal by the company to cover two days she needed off due to side effects of COVID

22   vaccine. The following day, Erol received an email from payroll stating that she was eligible

23   to receive compensation under the California regulation. While this was a complete

24   contradiction to the information provided by payroll the day before regarding "anything

25   covid-related," Erol was glad her time off following the receipt of vaccination, was covered.

26   24.   The next communication Plaintiff Erol had with management and Human Resources was

27   regarding a potential exposure to a COVID positive individual in June of 2021. On June 14,

28   2021, a client who had COVID symptoms the weekend prior (June 12-13, 2021), reported to

**THE VELEZ**
**LAW FIRM,PC**
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

the Center as scheduled. Management of GBC were aware of the fact that the client had exhibited COVID-like symptoms prior to Monday, June 14, 2021, yet allowed the client to come into the Center. Moreover, none of the employees who were exposed to COVID were notified. Plaintiff Erol, upon learning of the possible exposure, sent an email to management expressing her concern about the requisite non-disclosure by management. Erol was not the only employee who expressed their concerns about mishandling of the situation. Ms. Mikha responded to Erol's email stating that no staff came into contact with client, which was far from the truth. The following week, Erol had a discussion with Ms. Fullerton regarding the June 14, 2021 incident. Erol disclosed to Ms. Fullerton that she reported GBC to Cal OSHA. She also expressed her desire to help out in making sure that GBC provides a safe working environment for all employees.

25. By mid-June, several employees approached Plaintiff Erol inquiring about receiving supplemental pay due to Center closures earlier in the year. Plaintiff Erol encouraged staff to contact Human Resources and payroll departments as well as to check the information board for references regarding the supplemental paid sick leave. Staff reported to Erol that no such information was posted within the Center, and that Human Resources and/or payroll departments were non-responsive. As a result of the above interactions, Erol sent an email on June 21, 2021 to GBC management regarding the supplemental paid sick leave.

26. On June 22, 2021, Erol received an email stating that the information regarding supplemental COVID pay was posted and Erol simply missed it. Plaintiff Erol ent her reply. The same day one of the BCBA's walked into the conference room and overhead Ms. Mikha stating that she has to "run the center like Hitler" because of all the recent complaints by employees to Human Resources. Sometime towards the end of June, Ms. Mikha visited the Center and requested feedback from staff on improving work environment. This question was posed to Erol by Ms. Mikha directly.

27. When Erol was finished expressing her thoughts about the need for training and various ways to motivate employees, Mikha responded that it was not her job "to do nice things for people." She further stated that Erol "should be careful about what feedback she gives to management,

**THE VELEZ**
**LAW FIRM, PC**
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

because [Ms. Erol] was only a Behavior Consultant, and could be terminated who can get fired for a reason as simple as [Ms. Mikha] not liking her [Ms. Erol's] eyelashes." Ms. Mikha proceeded to tell Ms. Erol that "YOU people were the reason why [Ms. Mikha] had to visit the Center that day."

28. Defendant GBS next terminated Plaintiff Erol on July 12, 2021. The termination inter alia was in retaliation for Erol complaining to CalOsha over the lack of Covid safety protocols.

29. Within the time provided by law, Plaintiff CASTRO filed a complaint with the California Department of Fair Employment and Housing, in full compliance with FEHA and received a "right-to-sue" letter.

30. Within the time provided by law, Plaintiff EROL filed a complaint with the California Department of Fair Employment and Housing, in full compliance with FEHA and received a "right-to-sue" letter.

## FIRST CAUSE OF ACTION
### Violations of Labor Code §1102.5 et seq.
### (Against Defendants GBS)

31. Plaintiffs incorporate by reference the allegations set forth above and below.

32. California Labor Code §1102.5 (a), in pertinent part, provides:

"An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

33. California Labor Code §1102.5 (b), in pertinent part, provides:

THE VELEZ
LAW FIRM,PC
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

(b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes the employee disclosed or may disclose information to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

34.     Labor Code §1102.5 subsections (c)&(d) provide:

"[a]n employer, or any person acting on behalf of the  employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation. (d) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or © in any former employment."

35.     Defendants GBS and each of them, have breached their statutory and self-imposed

Duties owed to Plaintiff under California Labor Code §1102.5 et seq.  The statute is known as

the "Whistle-Blower" statute and therein, it offers protections to internal whistle-blowers who

have a good faith belief for raising complaints of violations of law, statute, and public policies.

At all times herein relevant, California Labor Code §1102.5 et seq., was in full force and effect

and binding upon Defendants.  These sections provide that no employer or person shall retaliate

against an employee for raising complaints of violations of law to his employer.

36.     Defendants and each of them, have breached their statutory and self-imposed duties owed to

Plaintiffs under Defendants' representations, policies and procedures, and under California law,

including Sections 1102.5 et seq.  Plaintiffs incorporate by reference the allegations set forth

above and below.  At all times herein relevant, Plaintiffs opposed Defendants violations of

CalOsha in regards to Covid Safety Guidelines set by the Center for Disease Control and State

THE VELEZ
LAW FIRM,PC
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

fo California Covid Employer protocols. As a result of Plaintiffs' objections to the unlawful GBS practices, Defendants retaliated against Plaintiffs and terminated their employment. Additionally, Plaintiffs made California Labor Commissioner complaints of retaliation, which were known to Defendants GBS. As a result of said participation in protected activity by Plaintiffs, GBS retaliated against the Plaintiffs.

37.   As a result of the conduct of Defendants, and each of them, and Defendants' breach of the code section of 1102.5 et seq., Plaintiffs have suffered damages, the exact amount of which has not yet been fully ascertained but is within the jurisdiction of this court. Plaintiffs are entitled to damages including, but not limited to, lost wages, salary, benefits and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiffs have been forced as a result of Defendants' breach to retain a law firm to enforce their rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiffs are entitled to according to proof.

38.   Plaintiffs are informed, believes and thereon alleges that defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to plaintiffs, and to the direct benefit of defendants, knowing that defendants' conduct was substantially certain to vex, annoy and injure plaintiffs and entitle plaintiffs to punitive damages against the individual defendants under California Civil Code §3294, in an amount sufficient to punish or to make an example of the individual defendants.

**WHEREFORE**, Plaintiffs pray judgment against Defendants, and each of them, as hereinafter set forth.

PLAINTIFF'S COMPLAINT FOR DAMAGES

11

## SECOND CAUSE OF ACTION
**Breach of Govt. Code § 12900 et seq LABOR CODE SECTION 1102.5 et. seq., and FEHA Retaliation**
**(Against Defendants GBS)**

39. Plaintiffs incorporate by reference the allegations set forth above and below.

40. Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiffs under Defendants' representations, policies and procedures, and under California law, including Sections 12900, et seq., of the California Government Code. At all times, Government Code Section 12900 et seq., California Labor Code §1102.5 et seq., was in full force and effect and binding upon Defendant. These sections provide that no employer or person shall discriminate or retaliate against an employee who has utilized protected medical leave. These sections provide that no employer shall retaliate against an employee who participated in protected whistle-blower activity.

41. Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiffs under Defendants' representations, policies and procedures, and under California law, including Sections 12900 and 12945 et seq., of the California Government Code. At all times, Government Code Section 12945 et seq., Plaintiffs incorporates by reference the allegations set forth above and below.

42. At all times, herein relevant, Plaintiffs had protected class protections under the FEHA perceived physical disabilities, and thus in a protected class. Herein, as set forth above, Plaintiffs were subjected to retaliation based upon their protected status.

43. At all times, herein relevant, Plaintiffs participated in protected activity and opposed illegal CalOsha violations conduct on the part of Defendant employer, and thus a member in a protected class. Herein, as set forth above, Plaintiffs were subjected to retaliation in the form of

THE VELEZ
LAW FIRM,PC
Attorneys at Law
3010 Lava Ridge Ct#120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
12

1    termination of employment.

2    44.    Plaintiffs are members of the class entitled to protection under these code sections. Plaintiffs have

3           exhausted their administrative remedies under the California Fair Employment and Housing Act

4

5           and have obtained a "Right to Sue" letters.

6    45.    As a result of the conduct of Defendants, and each of them, and Defendants' breach of the code

7           section, Plaintiffs have suffered damages, the exact amount of which has not yet been fully

8           ascertained but is within the jurisdiction of this court.  Plaintiffs are entitled to damages
9

10          including, but not limited to, lost wages, salary, benefits and certain other incidental and

11          consequential expenses and damages in an amount to be shown at the time of trial.  In addition,

12          Plaintiffs have been forced as a result of Defendants' breach to retain a law firm to enforce their

13
            rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in
14

15          connection herewith, recovery of which Plaintiffs are entitled to according to proof.

16   46.    Plaintiffs are informed, believes and thereon alleges that defendants, and each of them, acted

17          fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard,

18          and/or with callous disregard of the probable detrimental and economic consequences to
19

20          plaintiffs, and to the direct benefit of defendants, knowing that defendants' conduct was

21          substantially certain to vex, annoy and injure plaintiffs and entitle plaintiffs to punitive damages

22          against the individual defendants under California Civil Code §3294, in an amount sufficient to

23          punish or to make an example of the individual defendants.
24

25          **WHEREFORE**, Plaintiffs pray judgment against Defendants, and each of them, as hereinafter

26   set forth.

27

28

**THE VELEZ**
**LAW FIRM,PC**
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

# THIRD CAUSE OF ACTION

### Breach of Cal. Govt. Code §12900 et seq.: Medical/Physical Condition Discrimination, And/or Perceived Medical/Physical Condition Discrimination (Against Defendants GBS)

47.   Plaintiffs incorporate by reference the allegations set forth above and below.

48.   Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Sections 12900, 12940(a) and 12926, et seq., of the California Government Code. At all times, Government Code Section 12900, 12940(a), 12940(k)(1)(A)(B)(i)(iii) including 12940(k)(4) and 12926, et seq., was in full force and effect and binding upon defendants. These sections provide that no employer shall discriminate against an employee because of a "physical disability" or "mental disability/ condition". At all times, herein, Plaintiffs believed they had been exposed to COVID-19 and in fact, informed Defendants GBS of such exposure. Defendants GBS did perceive Plaintiffs of having COVID-19 and as a result did discriminate against plaintiffs based on their protected physical disability

49.   Defendants GBS based upon its perception that Plaintiffs had COVID-19, did retaliate against Plaintiffs based upon Plaintiffs' engagement in protected activity of being forthright with Defendants about their COVID-19 exposure.

50.   Plaintiffs is a member of the class entitled to protection under these code sections. Plaintiffs have exhausted their administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

51.   As a result of Defendants' conduct and breach of the code sections, Plaintiffs have suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiffs are entitled to damages,

THE VELEZ
LAW FIRM,PC
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
14

including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiffs have been forced as a result to Defendants' breach to retain a law firm to enforce their rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiffs are entitled to according to proof.

**WHEREFORE**, Plaintiffs pray judgment against Defendants, and each of them, as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**Breach of Families First Coronavirus Response Act**
**(Against Defendant GBS)**

52.   Plaintiffs incorporate by reference the allegations set forth above and below.

53.   Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiffs under Defendants' representations, policies and procedures, and under federal law, including FFCRA.   At all times, the FFCRA was in full force and effect and binding upon defendants.  These sections provides that no employer or person deny up to two weeks of paid sick leave at the employee's regular rate of pay where the employee is unable to work because the employee is quarantined, and/or experiencing COVID-19 symptoms and seeking a medical diagnosis.  As a result of Plaintiffs notifying Defendants GBS of their need to quarantine due to the COVID-19 exposures, Defendants retaliated against Plaintiffs and terminated their employment.

54.   Plaintiffs is a member of the class entitled to protection under these code sections.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

55.   As a result of Defendants' conduct and breach of the code section, Plaintiffs have suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court.  Plaintiffs are entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.  In addition, Plaintiffs have been forced as a result to Defendant's breach to retain a law firm to enforce their rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiffs are entitled to according to proof.

56.   Plaintiffs are informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiffs, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiffs and entitle them to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**WHEREFORE**, Plaintiffs pray judgment against Defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION
**Breach of Cal. Govt. Code §12940 et seq.: Failure to Prevent Retaliation, Discrimination (Against Defendants GBS)**

57.   Plaintiffs incorporate by reference the allegations set forth above and below.

THE VELEZ
LAW FIRM,PC
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

58.   Defendants, and each of them, have breached their statutory and self-imposed duties owed to plaintiffs under defendants' representations, policies and procedures, and under California law, including Section 12940(k), et seq., of the California Government Code. Section 12940(k), in pertinent part, provides that it is an unlawful employment practice to fail to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. At all times herein, Defendants GBS had actual knowledge that its employees was engaging in inappropriate physical disability employment practices towards Plaintiffs. Defendants acted in a manner which it knew, should have known, condoned and/or supported discrimination and retaliation in the workplace. Defendants' training and continuation of training of its managers and supervisors was cursory. In reality, Defendants supported a custom and practice of condoning discrimination and retaliation in the workplace. Defendant failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

59.   Plaintiffs are members of the class entitled to protection under these code sections. Plaintiffs have exhausted their administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right-to-Sue" letter.

60.   As a result of defendants conduct and breach of the code section, plaintiffs have suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiffs are entitled to damages, including, but not limited to lost wages, salary, benefits and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, plaintiffs have been forced as a result to defendant's breach to retain a law firm to enforce their rights, and have incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which plaintiff is entitled to according to proof.

**THE VELEZ**
**LAW FIRM,PC**
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

61.     Plaintiffs are informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiffs, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiffs and entitle them to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**WHEREFORE**, plaintiffs pray for judgment against defendants, and each of them, as hereinafter set forth.

**WHEREFORE**, Plaintiffs pray judgement against Defendants, and each of them, as set forth below:

a.     For general, special and consequential damages in an amount of excess of the jurisdictional limits of this Court, according to proof;

b.     For exemplary damages in an amount necessary to punish defendants and to deter such conduct in the future, according to proof on Plaintiff's causes of action allowing punitive damages;

c.     For reasonable attorney's fees under the FEHA and under any applicable statute, costs and expenses of litigation, according to proof on Plaintiff's causes of action allowing for attorneys fees;

d.     For pre-judgment and post-judgment interest;

e.     For Injunctive relief to abate physical disability discrimination; including all reasonable attorney's fees under the holding of Harris v. City of Santa Monica, (2013) 56 Cal.4th 203;

THE VELEZ
LAW FIRM,PC
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

f.     For economic damages;

g.     For non-economic damages;

h.     For such other and further relief as the Court may deem proper.

DATED: December 13,  2021          THE VELEZ LAW FIRM, PC

By: Mark P. Velez, Esq.
Natalya V. Grunwald,  Esq.
Attorney for Plaintiffs BRENDA CASTRO,
CHRISTY EROL

## JURY DEMAND

Plaintiffs CASTRO, EROL hereby demand trial by jury.

DATED: December 13,  2021

THE VELEZ LAW FIRM, PC

By: Mark P. Velez, Esq.
Natalya V. Grunwald,  Esq.
Attorney for Plaintiffs BRENDA CASTRO,
CHRISTY EROL

**THE VELEZ**
**LAW FIRM,PC**
Attorneys at Law
3010 Lava Ridge Ct.#120
Roseville, CA 95661

# EXHIBIT B

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

FILED
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
Superior Court Of California,
Sacramento

12/21/2021
kjohnson12
By_____, Deputy
Case Number:
34-2021-00312959

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GENESIS BEHAVIOR CENTER, INC. A California Corporation; and
Does 1-50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRENDA CASTRO, CHRISTY EROL

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Sacramento Superior Court

720 9th Street
Sacramento, CA 95814

**CASE NUMBER:**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark P. Velez, 3010 Lava Ridge Ct., Ste. 120, Roseville CA 95661  916-774-2720

---

| DATE: **DEC 2 1 2021** | Clerk, by **K. JOHNSON** | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

RECEIVED
DEC 2 0 2021
CIVIL

# EXHIBIT C

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Mark P. Velez<br>The Velez Law Firm, PC<br>3010 Lava Ridge Ct., Ste. 120, Roseville CA 95661<br><br>TELEPHONE NO.: 916-774-2720 FAX NO.:<br>ATTORNEY FOR *(Name):* PlaintiffSs, Brenda Castro, Christy Erol | *FOR COURT USE ONLY*<br>Superior Court Of California,<br>Sacramento<br><br>12/20/2021<br><br>kJohnson12<br>By_____, Deputy<br>Case Number:<br>34-2021-00312959 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS:  720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Sacramento 95814
BRANCH NAME:

CASE NAME:
Castro and Erol v. Genesis Behavior Centre, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Five (5)
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  December 16, 2021
Natalya V. Grunwald
_____                ►_____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
  Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

# EXHIBIT D



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
720 Ninth Street, Room 102
Sacramento, CA 95814-1311

For Court Use Only

PETITIONER/PLAINTIFF : Brenda Castro, Christy Erol

RESPONDENT/DEFENDANT: Genesis Behavior Center, Inc, et al.

**ORDER RE: DELAY IN SCHEDULING**
**INITIAL CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
34-2021-00312959

The Court finds good cause to delay the scheduling of the initial Case Management Conference for this case given the COVID-19 pandemic and its impact on court-wide operations.  Among the affected operations is the Court's Case Management Program (CMP).  The Court's CMP calendars have been and remain suspended until further notice.  After the CMP Departments resume operations, the Court will schedule the initial Case Management Conference in this case and issue a Notice of Case Management Conference and Order to Appear.

The deadline for filing and service of the Case Management Conference Statements will be based upon the date for the initial Case Management Conference once it has been scheduled.

Parties shall continue to accomplish service of all parties named in the action.

Parties shall continue to ensure that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered.

Plaintiff shall serve a copy of this order on any party to the complaint. The cross-complainant shall have the same obligation with respect to the cross-complaint

RICHARD K. SUEYOSHI

Dated: 12/20/2021

_____
Richard K. Sueyoshi, Judge of the Superior Court

# EXHIBIT E

MARK P. VELEZ, ESQ. (SBN 163484)
NATALYA V. GRUNWALD, ESQ. (SBN 265084)
**THE VELEZ LAW FIRM, PC**
3010 Lava Ridge Court, Suite 120
Roseville, California 95661
Telephone: (916) 774 – 2720
Facsimile: (916) 774 – 2730

Attorneys for Plaintiffs
CASTRO, EROL

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| BRENA CASTRO, CHRISTY EROL<br><br>Plaintiffs,<br><br>v.<br><br>GENESIS BEHAVIOR CENTER, INC., A California Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 34-2021-00312959<br><br>**PLAINTIFF'S NOTICE OF PLAINTIFF'S CONSENT TO RECEIVE PLEADINGS VIA EMAIL PURSUANT TO CCP §1010.6 (e)(1)** |

Pursuant to Code of Civil Procedure Section 1010.6 (e)(1)(e)(2), Plaintiffs BRENDA CASTRO and CHRISTY EROL provides notice that their counsel's email address is velezlaw@live.com and has confirmed that Defendant GENESIS BEHAVIOR CENTER, INC. counsels' (and support staff) email addresses are:

Erika.Barbara@jacksonlewis.com

Plaintiff hereby requests that Defendants' counsel serve all pleadings herein via email service and accept pleadings via email.

1    Thus, under the full authority of Code of Civil Procedure Section 1010.6, et. Seq.,

2    Plaintiff's counsel will serve all pleadings via email to Defendant's counsel and accept all

3    pleadings via email from Defendant.

Dated:        January 7, 2022                    THE VELEZ LAW FIRM

By: Mark P. Velez, Esq.
    Natalya V. Grunwald, Esq.
    Attorneys for Plaintiffs
    CASTRO, EROL

THE VELEZ
LAW FIRM
Attorneys at Law
3010 Lava Ridge Ct,
Suite 120
Roseville, CA 95661

*Castro, Erol v. Genesis*
*Case No.: 34-2021-00312959*

## PROOF OF SERVICE

I am a citizen of the United States and employed in Sacramento County, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 3010 Lava Ridge Court, Ste. 120, Roseville, CA 95661.   On this date, I served the following:

**PLAINTIFF'S NOTICE OF PLAINTIFF'S CONSENT TO RECEIVE PLEADINGS VIA EMAIL PURSUANT TO CCP §1010.6 (e)(1)**

_____          by sending <u>via facsimile</u>.

_____          by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States Post Office <u>mail</u> at Sacramento, California, addressed as set forth below

____x__          by transmitting a true copy thereof to:       Erika.Barbara@jacksonlewis.com

_____          by placing a true copy thereof in a sealed envelope and <u>hand delivering</u> to the individual as addressed below.

        Jackson Lewis P.C.
         Erika M. Barbara
        400 Capitol Mall
        Suite 1600
        Sacramento, CA 95814

        I declare under the penalty of perjury that the foregoing is true and correct.

        Executed on January 7, 2022 at Roseville, California.

                                        _____
                                        Natalya V. Grunwald

THE VELEZ
LAW FIRM
**Attorneys at Law**
3010 Lava Ridge Ct,
Suite 120
Roseville, CA 95661

# EXHIBIT F

1  JACKSON LEWIS P.C.
   ERIKA M. BARBARA (SBN 215702)
2  400 Capitol Mall, Suite 1600
   Sacramento, CA  95814
3  Telephone:  (916) 341-0404
   Facsimile:  (916) 341-0141
4  E-mail:  *erika.barbara@jacksonlewis.com*

5  Attorneys for Defendant
   GENESIS BEHAVIOR CENTER INC.
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10

11 BRENDA CASTRO, CHRISTY EROL,          Case No. 34-2021-00312959

12          Plaintiffs,                  **DEFENDANT GENESIS BEHAVIOR
                                         CENTER INC.'S ANSWER TO**
13 vs.                                   **PLAINTIFFS' COMPLAINT FOR
                                         DAMAGES**
14 GENESIS BEHAVIOR CENTER, INC.
   A California Corporation; and DOES 1-50,
15 inclusive,
                                         Complaint Filed:  12.20.21
16          Defendants.                  Trial Date:      Not Set
                                                                    BY FAX
17

18       Defendant Genesis Behavior Center Inc. ("Defendant") hereby answers Plaintiffs

19 Brenda Castro's and Christy Erol's ("Plaintiffs") unverified Complaint for Damages

20 ("Complaint"), as follows:

21                          **GENERAL DENIAL**

22       Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies,

23 generally and specifically, each and every allegation and prayer for relief contained in Plaintiffs'

24 Complaint.

25                        **AFFIRMATIVE DEFENSES**

26       As separate and distinct affirmative defenses to Plaintiffs' Complaint and the purported

27 causes of action alleged therein, under information and belief and without conceding that it bears

28 the burden of proof or persuasion as to any one of them, Defendant alleges as follows:

                                         1
   Defendant Genesis Behavior Center Inc.'s Answer to Plaintiffs' Complaint for Damages

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' Complaint and each purported cause of action therein are subject to binding arbitration, this entire action should be transferred to binding arbitration and the action should then be dismissed or stayed.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 335.1 and 338, California Government Code sections 12960(d) and 12965(b), and 29 U.S.C. section 255.

**FOURTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiffs' Complaint as a whole, and/or each purported cause of action alleged therein, is barred in whole or in part under the equitable doctrines of consent, waiver, estoppel, laches, and/or unclean hands to the extent discovery may reveal information that supports this defense.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint as a whole, and/or each purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiffs failed to exhaust their mandatory administrative remedies prior to commencing this lawsuit, and the Court thus lacks jurisdiction.

**SIXTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiffs' Complaint as a whole, and/or each purported cause of action alleged therein, is barred in whole or in part, or any recovery must be reduced, by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

///

///

///

1

**SEVENTH AFFIRMATIVE DEFENSE**

2   Defendant is entitled to offset for any monies received by Plaintiffs from any source in

3   compensation for their alleged economic damages and non-economic damages under the common

4   law doctrine of offset and under the doctrine prohibiting double recovery set forth under

5   *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

6

**EIGHTH AFFIRMATIVE DEFENSE**

7   Any recovery on Plaintiffs' Complaint as a whole, and/or each purported cause of action

8   alleged therein, is barred by the doctrine of after-acquired evidence to the extent discovery may

9   reveal information which would support this defense.

10

**NINTH AFFIRMATIVE DEFENSE**

11   Plaintiffs are barred from seeking recovery against Defendant for any emotional or physical

12   injury as this Court lacks jurisdiction and such recovery is barred by the exclusivity remedy

13   provisions under the California Workers' Compensation Act, Labor Code sections 3600**,** *et seq*.

14

**TENTH AFFIRMATIVE DEFENSE**

15   Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred and/or

16   Plaintiffs are precluded from any monetary damages because, even assuming *arguendo* that the

17   Court or a jury should find that discriminatory and/or retaliatory reasons were a factor in any

18   employment decision involving Plaintiffs (which Defendant denies), Defendant would have made

19   the same employment decisions with regard to Plaintiffs in any case for legitimate,

20   non-discriminatory and non-retaliatory reasons, and the alleged illegal reasons were not

21   a substantial factor in motivating Defendant's actions.

22

**ELEVENTH AFFIRMATIVE DEFENSE**

23   Plaintiffs' Fourth Cause of Action is barred and/or Plaintiffs' damages are limited to the

24   extent any actions of Defendant or its agents could be construed as unlawful retaliation (which

25   Defendant denies), Defendant exercised reasonable care to prevent such conduct and took

26   immediate action to remedy and stop such conduct, and Plaintiffs unreasonably failed to utilize the

27   preventative or corrective remedies provided by Defendant and failed to otherwise avoid such harm.

28   ///

1

**TWELFTH AFFIRMATIVE DEFENSE**

2       Any damages must be barred or reduced under the doctrine of avoidable consequences

3   because:  (1) Defendant exercised reasonable steps to prevent and correct any workplace conduct

4   alleged to be unlawful; (2) Plaintiffs unreasonably failed to use the preventative and corrective

5   measures Defendant provided; and (3) reasonable use of Defendant's procedures would have

6   prevented at least some of the harm Plaintiffs allegedly suffered.

7

**THIRTEENTH AFFIRMATIVE DEFENSE**

8       Plaintiffs' Complaint as a whole, and/or each purported cause of action alleged therein, is

9   barred because any and all actions taken by Defendant with respect to Plaintiffs were taken in good

10  faith for legitimate, non-discriminatory and/or non-retaliatory reasons.

11

**FOURTEENTH AFFIRMATIVE DEFENSE**

12      Defendant cannot be held liable for any conduct alleged in the Complaint to the extent the

13  individuals who allegedly engaged in the conduct against Plaintiffs were not acting within the

14  course and scope of their employment or agency.

15

**FIFTEENTH AFFIRMATIVE DEFENSE**

16      Any recovery on Plaintiffs' Complaint, and/or on each purported cause of action alleged

17  therein, is barred in whole or in part by California Labor Code sections 2854 and 2856 in that

18  Plaintiffs failed to use ordinary care and diligence in the performance of their duties and failed to

19  comply substantially with the reasonable directions of their employer, and had Plaintiffs followed

20  Defendant's policies with regard to the performance of their duties, they would not have sustained

21  any of the alleged damages.

22                                        *****

23      Because Plaintiffs' Complaint is couched in conclusory terms, Defendant cannot fully

24  anticipate all defenses that may be applicable to this action.  Accordingly, the right to assert

25  additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

26  ///

27  ///

28  ///

4

1

## **PRAYER**

2          WHEREFORE, Defendant prays as follows:

3                    1.          That Plaintiffs take nothing by their Complaint;

4                    2.          That Plaintiffs' Complaint be dismissed in its entirety with prejudice;

5                    3.          That Plaintiffs be denied each and every demand and prayer for relief

6                              contained in their Complaint;

7                    4.          For costs of suit incurred herein, including reasonable attorneys' fees; and

8                    5.          For such further relief as the Court deems proper.

9

10     Dated:  February 25, 2022                         JACKSON LEWIS P.C.

11

12                                                        By:_____

13                                                              Erika M. Barbara

                                                         Attorneys for Defendant
14                                                       GENESIS BEHAVIOR CENTER INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Genesis Behavior Center Inc.'s Answer to Plaintiffs' Complaint for Damages

1

## PROOF OF SERVICE

2

3          I, Gail Kristine Baum, declare:

4          I am employed in the County of Sacramento, State of California.  I am over the age of
18 years and not a party to the within action; my business address is Jackson Lewis P.C.,
5   400 Capitol Mall, Suite 1600, Sacramento, California 95814.

6          On February 25, 2022, I served the within:

7              **DEFENDANT GENESIS BEHAVIOR CENTER INC.'S
              ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

8
    on the parties in said action:
9

10  | **X** | by forwarding a true and correct copy thereof electronically from e-mail address *gail.baum@jacksonlewis.com* to the person at the e-mail address set forth below, pursuant to California Code of Civil Procedure section 1010.6(e)(1). |
11

12

13  | Mark P. Velez, Esq. | *Attorneys for Plaintiffs* |
14  | Natalya V. Grunwald, Esq. | *Brenda Casto and Christy Erol* |
    | The Velez Law Firm, PC | |
15  | 3010 Lava Ridge Court, Suite 120 | Telephone:  (916) 774-2720 |
    | Roseville, CA  95661 | Facsimile:   (916) 774-2730 |
16  | | E-mail:  *velezlaw@live.com* |

17          I declare under penalty of perjury under the laws of the State of California that the foregoing
18  is true and correct.

19          Executed this   25th   day of February, 2022 at Folsom, California.

20

21          _____
22          Gail Kristine Baum

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Larysa H. Nowacoski, declare:

I am employed in the County of Sacramento, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On February 28, 2022, I served the within:

**DECLARATION OF ERIKA M. BARBARA IN SUPPORT OF|
DEFENDANT GENESIS BEHAVIOR CENTER INC.'S
REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

on the parties in said action:

| X | by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as set forth below with postage thereon fully prepaid, for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of correspondence for mailing, of which I am readily familiar.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service. |
|---|---|

| Mark P. Velez, Esq.<br>Natalya V. Grunwald, Esq.<br>The Velez Law Firm, PC<br>3010 Lava Ridge Court, Suite 120<br>Roseville, CA  95661 | *Attorneys for Plaintiffs*<br>*Brenda Casto and Christy Erol*<br><br>Telephone:  (916) 774-2720<br>Facsimile:  (916) 774-2730<br>E-mail:  *velezlaw@live.com* |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _28_ day of February, 2022 at Sacramento, California.

_Larysa Nowacoski_
Larysa H. Nowacoski